# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## BECKLEY DIVISION

| | |
|---|---|
| **ANTHONY T. HARRELSON,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| v. ) | **Civil Action No. 5:10-0441** |
| ) | |
| **DAVID BERKEBILE, Warden,** *et al.*, ) | |
| ) | |
| **Respondents.** ) | |

## PROPOSED FINDINGS AND RECOMMENDATION

Petitioner has initiated this matter under 28 U.S.C. § 2241 claiming that supervised release is unconstitutional.[1] (Document Nos. 1 and 4.) Petitioner has filed a Motion to Proceed Without Filing Fees and an Affidavit and Declaration in Support (Document Nos. 9 - 11.)[2] and a Motion for Summary Judgment (Document No. 15.). Having examined all of the documents which Petitioner has filed and considered the applicable law, the undersigned has determined that Petitioner has not presented any circumstances indicating that he is in custody in violation of the Constitution or laws of the United States and in any event his claim is without merit and therefore respectfully recommends that Petitioner's Motions to Proceed Without Filing Fees and for Summary Judgment be denied and this matter be dismissed.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 2, 2010, Petitioner filed a Motion to Abolish Supervised Release. (Document No.

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

[2] It appears that Petitioner paid the $5.00 filing fee for his Section 2241 action as required under 28 U.S.C. § 1914(a) on April 13, 2010. (Document No. 8.)

1.)[3] By his Motion, Petitioner requested that the Court "abolish the term of supervised release imposed by the District Court to be served by [him] after [his] term of imprisonment ends. [Petitioner] contends supervised release constitutes a constitutionally impermissible second sentence which violates various constitutional provisions and rights of [Petitioner]." (Id., p. 1.) Petitioner contends that supervised release violates the principle of double jeopardy and "imposes denial of due process to an expectation of finality to [his] sentence . . .." (Id., p. 4.) Petitioner further contends that supervised release violates the Ninth and Tenth Amendments (Id., p. 6.), the Fourteenth Amendment right to equal protection (Id., p.7.) and "completely alters the constitutional purpose of incarceration while denying citizens the protection of various constitutional rights. It creates a back door way of reimprisoning citizens for things that are not even crimes or violations of laws for which a person is not even afforded a trial as guaranteed by the 6th Amendment." (Id., p. 8.) The Clerk sent Petitioner a letter and forms for proceeding under 28 U.S.C. § 2241. (Document No. 3.) On April 8, 2010, Petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody. (Document No. 4.) For grounds in support of his Application, Petitioner attached a copy of his Motion to Abolish Supervised Release labeling it "Grounds One:

---

[3] By Indictment filed on June 27, 2007, and an Information filed on August 14, 2007, in the Eastern District of Virginia, Petitioner was charged with committing bank fraud in violation of 18 U.S.C. § 1344, aggravated identity theft in violation of 18 U.S.C. § 1028a and money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i). *United States v. Harrelson*, Criminal No. 3:07-0252, in the Eastern District of Virginia (Document Nos. 4 and 9.). Petitioner entered a guilty plea to the charges in August, 2007 (*Id.*, Document Nos. 13, 15 and 17.) and was sentenced on March 7, 2008, to concurrent 54 month terms of imprisonment and three year terms of supervised release on the bank fraud and money laundering charges and a consecutive 12 month term of incarceration and concurrent one year term of supervised release on the identity theft charge. (*Id.*, Document Nos. 39 and 40.) Thus, the District Court sentenced Petitioner to a total of 66 months incarceration and a three year term of supervised release. The District Court also imposed a $300 special assessment and required Petitioner to pay a total of $128,500 in restitution. (*Id.*) It does not appear that Petitioner appealed his conviction or sentence.

Supporting Facts".[4]

## DISCUSSION

In considering an inmate's petition for *habeas* relief under 28 U.S.C. § 2241, the Court must determine whether the Petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The focus of Section 2241 is therefore upon the prisoner's custodial status and the execution and duration of his sentence. Petitioner does not allege any circumstances pertaining to his current custodial status. Rather, Petitioner alleges that the District Court's imposition of a three year term of supervised release commencing after his term of imprisonment was unconstitutional. Thus, Petitioner is challenging the District Court's sentencing of him to a term of supervised release as unconstitutional, and his claim should therefore be construed as arising under 28 U.S.C. § 2255 and deemed not cognizable under Section 2241. As it appears that Petitioner was sentenced in 2008 and Petitioner did not appeal his conviction or sentence, his conviction and sentence became final then, several years prior to the time he initiated this action. Construed as a Section 2255 claim, Petitioner's claim is barred by operation of Section 2255's one-year period of limitation.[5] Considering Petitioner's claim that supervised release is unconstitutional, the undersigned

---

[4] The undersigned notes that Petitioner indicated in his Application that he did not exhaust administrative remedies respecting the matters which he raises in this case as they constitute a "constitutional issue." (Document No. 4, p. 4.)

[5] Section 2255 provides that the one-year period runs from the latest of one of four specified events:
    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making the motion created by government action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such government action;

notes that the Fourth Circuit Court of Appeals has found such a claim without merit. <u>United States v. Woodrup</u>, 86 F.3d 359, 361 (4th Cir. 1996)(" The sentence imposed upon revocation of a term of supervised release is an authorized part of the original sentence, just as the term of supervised release is an authorized part of the original sentence for commission of the felony or misdemeanor."); <u>See also Cradle v. United States</u>, 2009 WL 290920 (S.D.W.Va.). Supervised release is authorized statutorily as a component of a federal sentence. 18 U.S.C. § 3583.

Because Petitioner has not presented any circumstances indicating that he is in custody in violation of the Constitution or laws of the United States and in any event his claim is without merit, Petitioner's Section 2241 Application (Document Nos. 1 and 4.) must be dismissed.

## **PROPOSAL AND RECOMMENDATION**

Based upon the foregoing, it is therefore respectfully **PROPOSED** that the District Court confirm and accept the foregoing factual findings and legal conclusions and **RECOMMENDED** that the District Court **DENY** Petitioner's Motion to Proceed Without Filing Fees (Document No. 9.) and Motion for Summary Judgment (Document No. 15.), **DISMISS** Petitioner's Section 2241 Application (Document Nos. 1 and 4.) and **REMOVE** this matter from the Court's docket.

Petitioner is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant

---

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, Petitioner shall have seventeen days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of these Findings and Recommendation within which to file with the Clerk of this Court, written objections, identifying the portions of the Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208, 104 S. Ct. 2395, 81 L. Ed. 2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Berger, and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Petitioner who is acting *pro se*.

Date: December 3, 2010.

R. Clarke VanDervort
United States Magistrate Judge